CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN JOYCE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00198 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAPTAIN T.N. THOMAS, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Robert Steven Joyce, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Joyce alleges that he has been denied outside recreation for the past three months while incarcerated at Henry County Jail. Upon review of the record, the court finds that Joyce has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint without prejudice.

**I.**

Joyce alleges that Henry County Jail "does not have outside recreation," which, he claims, violates his rights. He argues that outside recreation is "required to maintain the mental health of inmates." Joyce asserts that it has been three months since the inmates have been allowed outside and that the Jail does not have a "structure schedule" for outside recreation. Joyce concedes that exercise equipment is available to him and that he has space to do "push ups, etc.," but argues that this is "not a viable substitute for inmates needing to see 'the light of day' for 1 hour, 5 days per week." Joyce seeks injunctive relief requiring Henry County Jail to provide inmates with "outside recreation 5 hours, 5 days per week . . . ."

---

[1] To the extent that Joyce claims his guilty plea was neither knowing nor voluntary, such a claim must be raised in a action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. However, as Joyce already filed two § 2254 actions in 1998, the court will not construe his current allegations as a new § 2254 petition. If Joyce wishes to pursue this claim in this court, he must file a separate action pursuant to § 2254.

## II.

To state an Eighth Amendment claim regarding conditions of confinement, a plaintiff must show that (1) there was a serious deprivation of a basic human need, and (2) that prison officials were deliberately indifferent to the prison conditions. Wilson v. Seiter, 501 U.S. 294, 300 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Shakka v. Smith, 71 F.3d 162, 165 (4th Cir. 1995); Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). The first prong of this test involves an objective analysis, requiring plaintiff to establish that the prison condition was a "sufficiently serious" deprivation of a basic human need. Farmer v. Brennan, 511 U.S. 825 (1994) (citing Wilson, 501 U.S. at 298). Only extreme deprivation are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Plaintiff must demonstrate both that (A) the risk from the prison condition was so grave that it violated contemporary notions of decency, and (B) that the prison condition resulted in serious or significant mental or physical injury or that the condition created an unreasonable risk of serious damage to his future health. Strickler, 989 F.2d at 1380-81. The second prong involves a subjective analysis requiring plaintiff to establish that a defendant had a "sufficiently culpable" state of mind. Id. at 1379.

The court finds that Joyce's allegation does not satisfy either prong of the test. Joyce has not shown that the Jail's denial of outside recreation is a sufficiently serious deprivation of a basic human need. Joyce claims that it has been three months since he last received outside recreation time. Furthermore, he concedes that the Jail provides him access to exercise equipment and space to do exercises such as push ups. By no means does Joyce's allegation illustrate a prison condition that is so grave that it violates contemporary notions of decency. Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (finding no Eighth Amendment violation where inmates had access to an indoor day room for

2

eighteen hours per day and were encouraged to use this room for exercise and physical activity); Richard v. Reed, 49 F. Supp.2d 485 (E.D. Va. 1999) (finding that 100 days without exposure to sunlight or fresh air is not constitutionally significant); Pastorious v. Romer, 97 F.3d 1465 (10 th Cir. 1996) (unpublished) (affirming the district court's dismissal of an action as failing to state a claim where the inmate alleged he was denied fresh air and direct sunlight). Moreover, although Joyce claims that he needs to see "the light of day" in order to maintain his mental health, he does not allege any actual injury or harm as a result of not being taken outside for recreation. Accordingly, the court finds that Joyce has not shown that the alleged prison condition is a sufficiently serious deprivation of a basic human need. See Jones v. Kelly, 900 F.2d 252 (4th Cir. 1990) (unpublished) (holding that jails may provide space for indoor recreation as an alternative to outdoor recreation where there is no medical evidence that an inmate needs outdoor exercise); Townsend v. Padulla, 2005 U.S. Dist. LEXIS 39404 *9 (D. S.C. Dec. 30, 2005) (a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation). Further, Joyce has not shown that the defendant acted with deliberate indifference. Therefore, the court finds that Joyce's allegation fails to rise to level of an Eighth Amendment violation.

### III.

For the stated reasons, the court dismisses Joyce's complaint without prejudice for failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This _14th_ day of May, 2007.

_____
United States District Judge

3